FRANK PALUMBO *vs.* EUGENE A. AUDETTE.

Suffolk.     October 26, 1948. — January 3, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Mortgage,* Of real estate: foreclosure, deficiency after foreclosure. *Notice.*

Section 17B, inserted in G. L. (Ter. Ed.) c. 244, by St. 1945, c. 604, § 1, does not refer to a deficiency, the only relation of which to a mortgage of real estate is that it arose when the mortgage was pledged by the mortgagee as collateral for an otherwise independent obligation and on foreclosure proved to be insufficient security therefor.

The provision of § 17B, inserted in G. L. (Ter. Ed.) c. 244 by St. 1945, c. 604, § 1, that the holder of an obligation secured by a mortgage of real estate shall not maintain an action for a deficiency resulting from a foreclosure of the mortgage unless a certain notice in writing of the mortgagee's intention to foreclose shall have been given to the person sought to be charged with the deficiency, had no application to an action by the payee against an indorser of a promissory note, made by a mortgagee of real estate and secured by a pledge of the mortgage, for a balance remaining due on the mortgagee's note after the pledged mortgage had been foreclosed without any notice of intention to foreclose having been given to such indorser by the plaintiff as successor in title to the mortgagee.

CONTRACT.     Writ in the Municipal Court of the City of Boston dated November 25, 1947.

The case was heard by *Zottoli,* J.

In this court the case was submitted on briefs.

*M. E. Schneider & E. S. Stutman,* for the defendant.

*S. Mondlick,* for the plaintiff.

QUA, C.J. The defendant waives his defence as to the third count, so that in this court the question raised is the plaintiff's right to recover on the first and second counts the unpaid balances on two promissory notes, each made by Belmont Realty Corporation, payable to the plaintiff, and indorsed by the defendant.

The only defence asserted is that certain mortgages on real estate given by Charles Petit and Annette Petit to Belmont Realty Corporation (the maker of the notes in suit) had been pledged by it as collateral for them; that these mortgages had been foreclosed; that the proceeds of the foreclosure sales had been applied upon the notes in suit but were insufficient to satisfy them; and that before the foreclosure sales no notice in writing of the intention of the plaintiff, as successor in title to the mortgagee, to foreclose had been mailed to the defendant. For simplicity and convenience we assume, without deciding, that the facts asserted for the purposes of this defence as above stated are established by the record. The only question intended to be raised is whether G. L. (Ter. Ed.) c. 244, § 17B, inserted by St. 1945, c. 604, § 1, applies in the circumstances. The trial judge found for the plaintiff. The Appellate Division dismissed the report, and the defendant appeals.

The new § 17B provides that "No action for a deficiency shall be brought . . . by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed . . . to the defendant sought to be charged with the deficiency . . . together with a warning of liability for the deficiency . . . not less than twenty-one days before the date of the sale under the power in the mortgage . . . ."

We think it plain that this statute was designed for the protection of mortgagors and of those liable with them or through them on mortgage obligations. The notice was required so that such persons could look out for their interests at the foreclosure sale. The statute was not designed

for the protection of the very mortgagees who were expected to give the notices or of a person like the present defendant whose interests are identified with those of the mortgagee because he has made himself liable as indorser for obligations of the mortgagee, but who was not a mortgagor or liable with or through the mortgagor on any of the mortgage obligations. The "deficiency" to which the statute refers is one resulting from failure to realize at a foreclosure sale of the mortgaged land enough to satisfy the mortgage obligation for which the mortgagor or one standing in his shoes is liable. This clearly appears from the form of notice appended to the statute. The statute does not refer to a deficiency the only relation of which to the mortgage is that it arose when the mortgage was pledged as collateral for an otherwise independent obligation and proved insufficient security for that obligation. In this case, before the mortgages were foreclosed, Charles Petit and Annette Petit as mortgagors were entitled to the statutory notice if they were to be held for deficiencies on the mortgage notes, but they are not liable for or interested in the so called deficiencies on the notes in suit. Only the Belmont Realty Corporation as maker and the defendant as indorser are interested in those deficiencies, and neither of these is a mortgagor of real estate entitled to notice.

It by no means follows, as the defendant argues it does, that the statute can be evaded by requiring every mortgagor to give an ordinary note and then to give his mortgage note as collateral to it. In such a case the same person would be liable on both notes and as mortgagor would be entitled to the statutory notice of any foreclosure sale before he could be held for any deficiency on the mortgage note. He could therefore protect his interest in the land, and the design of the statute would be accomplished.

*Order dismissing report affirmed.*