SENIOR CORPORATION vs. THOMAS A. PERINE.    August 11, 1983. *Guaranty.  Mortgage,* Foreclosure.  *Words,* "Obligation secured by a mortgage."

The plaintiff appeals from a summary judgment in favor of the defendant.  The plaintiff alleged that the defendant was indebted to it under the terms of a written guaranty.  The defendant had promised to pay up to $1,000,000 upon any default in the payment of principal and interest on a note of the maker, Southern Mountain Properties, Inc. (not a party here).  After the proceeds of a real estate mortgage foreclosure sale had been applied to the original indebtedness, a deficiency in excess of $1,000,000 remained on the loan obligation.  The defendant asserted that the plaintiff's failure to comply with the notice provisions of G. L. c. 244, § 17B,[1] barred recovery in the present circumstances.  The judge erred in entering summary judgment for the defendant.

Without pausing to examine what, if anything, turns on the facts that Perine was not a party to the mortgage agreement and that the property foreclosed upon was outside of Massachusetts, we hold that G. L. c. 244, § 17B, has no application to the circumstances of this case.

The amount due here on the guaranty did not constitute a deficiency resulting from a foreclosure sale of real property within the meaning of § 17B.  That statute "was designed for the protection of mortgagors and those liable with them or through them on *mortgage obligations*" (emphasis supplied).  *Palumbo* v. *Audette,* 323 Mass. 559, 560 (1949).  See generally Osborne, Mortgages § 336 (2d ed. 1970).  This action is based on a separate personal obligation on the part of the defendant under the guaranty, which was executed subsequent to the mortgage.  Compare *Chestnut Manor, Inc.* v. *Abraham, ante* 960, 961 (1983).  Perine's obligations were not contingent upon the results of the foreclosure action.  Nor did his obligations arise from the mortgage.  They stem from the contract of guaranty, the independence of which is apparent from its provisions, whether read separately or as a whole.

Pertinent provisions of the guaranty are set out in the margin.[2] Whether one follows the words or the music, the impression created by

---

[1] General Laws c. 244, § 17B, inserted by St. 1945, c. 604, § 1, provides in pertinent part: "No action for a deficiency shall be brought . . . by the holder of a mortgage note or other obligation secured by a mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed . . . to the defendant sought to be charged with the deficiency . . . not less than twenty-one days before the date of the sale. . . ."

[2] "The obligations hereunder are independent of the obligations of the Borrower, and under any default [by the borrower in the payment of principal or interest of a certain note] . . . , and upon ten days written notice thereof, a separate action or actions may be brought and prosecuted by any holder of said Note, against the undersigned to collect and recover the full amount hereby

the guaranty is the same, and the intention of the parties is unmistakably clear. There was an express provision establishing the obligations of the defendant under the guaranty as completely "independent" of the obligations of the mortgagor, the borrowing corporation here. Moreover, apart from language which reasonably may be construed as a waiver of any requirement of bringing an action against the borrower, there are other specific references to the absence of any conditions precedent or otherwise to suit or collection on the guaranty.

In addition, G. L. c. 244, § 17B, does not apply because the guaranty is not an "obligation secured by a mortgage." Although the defendant argues that a guaranty is "indirectly" secured by a mortgage because foreclosure of the mortgage could have reduced the guarantor's liability as well as the principal's liability, this reasoning is to some extent circular, as it is the guaranty which, in addition to the mortgage, secures the principal's note; in any event, the statute makes no provision for obligations which are only "indirectly" secured by a mortgage.[3]

The defendant's further argument that the Legislature intended to include guarantors in this section of the statute is not borne out by the legislative history. The originally proposed legislation applied only to an "endorser or surety on the mortgage note." See 1936 House Doc. No. 1550, at 21-22. And for the reasons already mentioned, the provision of the statute finally enacted requiring notice to "the defendant sought to be charged with the deficiency" does not apply to a guarantor in circumstances such as those presented here.

Finally, *Guempel* v. *Great Am. Ins. Co.*, 11 Mass. App. Ct. 845, 850 (1981), is of no avail, because the opinion does not deal with the question who other than mortgagors is entitled to notice under § 17B.

Deciding as we do, we need not reach the other arguments made by the parties.

The judgment is reversed, and this case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

---

guaranteed, . . . whether or not action is brought against the Borrower, to enforce the security of said Note, . . . and whether or not the Borrower be joined in any such action or actions. . . .

"The undersigned . . . waives any right to require any holder or holders of the Note to:

(a) Proceed against, give notice to, or make demand upon, the Maker.

(b) Proceed against, or exhaust any security held by Lender of the Maker or of the undersigned; or

(c) Pursue any other available remedy."

[3] Further indication that the guaranty is not secured by a mortgage is given by the language of the guaranty, which provides: "Upon 30 days written notice . . . consent is hereby given to the holder or holders of said Note, from time to time to . . . (b) Take and hold security for payment of this guaranty."

*Maria J. Woodford* (*Janice L. Burnham* with her) for the plaintiff.
*Steven W. Phillips* (*Michael B. Keating & David R. Geiger* with him) for the defendant.