# IAG Federal Credit Union[1] vs. Barry J. Laterman & another.[2]

No. 94-P-1293.

Suffolk. November 10, 1995. - March 4, 1996.

Present: Porada, Ireland, & Greenberg, JJ.

*Negotiable Instruments,* Note. *Mortgage,* Foreclosure, Action for deficiency. *Notice,* Foreclosure of mortgage.

In an action filed by a bank, seeking to recover the balance due on two promissory notes signed by the defendants that were secured by a mortgage given by another party, the defendants' liability under the note was extinguished where the bank had not given the defendants notice of intent to foreclose the mortgage by sale, which was required by the plain language of G. L. c. 244, § 17B, inasmuch as the bank was seeking to charge the defendants with the deficiency in the proceeds of the foreclosure sale. [116-119]

Civil action commenced in the Superior Court Department on March 1, 1993.

The case was heard by *Vieri Volterra, J.* ·

*Barbara Judith Adamson* (*John A. Taylor* with her) for the defendants.

*MaryAustin Dowd* for the plaintiff.

Porada, J. The plaintiff (bank) filed an action in the Superior Court to recover the balance due on two promissory notes signed by the defendants. After filing the action, the bank sent notice of its intent to foreclose the mortgage to Joseph Comperchio, sole mortgagor of record and trustee of the property that had been granted as security for these loans.

---

[1]The action was originally brought by Progressive Consumers Federal Credit Union. A motion to substitute IAG Federal Credit Union as successor in interest to the original plaintiff was allowed by the Superior Court on February 24, 1994.

[2]James A. Drongowski.

No notice of intent to foreclose was sent to the defendants. The bank then proceeded to foreclose the mortgage under the power of sale contained in the mortgage. After applying the foreclosure sale proceeds to the monies owed on the two notes, a judge of the Superior Court entered judgment against the defendants.

On appeal, the defendants argue that the judgment must be reversed because their liability on the two notes was discharged when the bank failed to give them notice of its intent to foreclose the mortgage by sale as required by G. L. c. 244, § 17B.[3] We agree and reverse.

The Superior Court judge concluded that the defendants were not entitled to notice under this statute because they were not the mortgagors. However, § 17B provides that notice shall be given "to the defendant sought to be charged with the deficiency." The purpose of the statute is to protect "mortgagors and . . . those liable with them or through them on mortgage obligations." *Palumbo* v. *Audette*, 323 Mass. 559, 560 (1949). The notice is designed to permit such persons to look out for their interests at the foreclosure sale by allowing them to attend the sale, bid, or take other action to improve the sale price, thus eliminating or reducing any deficiency. *Ibid. Wornat Development Corp.* v. *Vakalis*, 403 Mass. 340, 345 (1988).

This objective can only be achieved if notice is given not only to the mortgagors of record of the subject property but also to those signatories of the note secured by the mortgage who may be liable in case of a deficiency in the proceeds from the sale. This fact is underscored by the form of the notice appended to the section, which reads: "You are hereby notified, in accordance with the statute, of my intention, on or after _____, to foreclose by sale under power of sale . . . the mortgage held by me on property . . . to secure a note (or other obligation) signed by you, for the whole, or part, of

---

[3]General Laws c. 244, § 17B, inserted by St. 1945, c. 604, § 1, provides in pertinent part as follows: "No action for a deficiency shall be brought . . . by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed . . . to the defendant sought to be charged with the deficiency at his last address then known to the mortgagee, together with a warning of liability for the deficiency . . . ."

which you may be liable to me in case of a deficiency in the proceeds of the foreclosure sale."

Given the plain language of the statute, its purpose, and the form of statutory notice, we conclude that the defendants, who would be liable for any deficiency as the signers of the note, were entitled to notice under the statute.

The bank argues that even if this is the correct interpretation of the statute, the statute does not apply to the circumstances of this case. The bank claims that the notice of intent to foreclose is required only in an action for a deficiency commenced after foreclosure sale. Here, the bank asserts that the action was one for monies due on two promissory notes commenced prior to the foreclosure and, thus, it cannot be characterized as a deficiency action. While the initial action was one for monies due under two promissory notes, that was no longer the case once the foreclosure occurred. The bank was obligated to apply the foreclosure proceeds to the balance due under the notes. G. L. c. 183, § 27. Once that was done, the action was converted to one to collect the deficiency remaining on the note after the foreclosure sale. The "deficiency" to which the statute refers is the one resulting from the failure to realize at a foreclosure sale the funds necessary to satisfy the obligation for which the mortgage is given as security. *Palumbo* v. *Audette*, 323 Mass. at 561.

Finally, the bank argues that if we were to conclude that the statute applies, the judgment should be affirmed because the judge determined that the notice to the trustee, Comperchio, was sufficient to constitute notice to the defendants as beneficiaries of the trust. Apart from the fact that it is not clear from the judge's findings whether the defendant Drongowski received constructive notice via the trustee and how notice to the trustee can constitute constructive notice to a beneficiary whose personal liability for a deficiency extends beyond the assets of the trust, we reject the plaintiff's argument because the plain language of the statute and of the notice form appended thereto requires actual notice to the defendant liable for the deficiency. In this case either one or both of the defendants were entitled to such notice but the trustee who did not sign the note was not.

Accordingly, since the defendants were not given notice of the bank's intent to foreclose the mortgage by sale, their liability under the note is extinguished. See *Guempel* v. *Great American Ins. Co.*, 11 Mass. App. Ct. 845, 850-851 (1981); *Seronick* v. *Levy*, 26 Mass. App. Ct. 367, 371-373 (1988).

*Judgment reversed.*

*Judgment for defendants.*