SKW Real Estate Limited Partnership *vs.* Richard A. Gold & others.[1]

Suffolk. November 6, 1998. - December 16, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, Fried, Marshall, & Ireland, JJ.

*Guaranty. Debt. Negotiable Instruments,* Note. *Mortgage,* Real estate. *Partnership,* Limited partnership. *Notice,* Foreclosure of mortgage.

Two promissory notes executed by general partners in a limited partnership constituted obligations distinct from guarantees executed in their individual capacities obligating them to pay all of the partnership's debts; consequently, upon default of the limited partnership's obligations under the notes and foreclosure of the related mortgage, commencement of an action against the individuals as guarantors was not precluded by any failure to give the notice applicable to mortgage foreclosures set forth in G. L. c. 244, § 17B. [522-526]

Civil action commenced in the Superior Court Department on June 15, 1994.

The case was heard by *Gordon L. Doerfer,* J., on a motion for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jeffrey R. Cohen* for the plaintiff.

*Robert J. Mailloux, Jr.* (*E. Peter Mullane* with him) for Jonah Jacob.

Greaney, J. We granted the plaintiff's application for further appellate review to consider whether two promissory notes executed by the defendants in their capacities as general partners of Northeast Glen Limited Partnership (limited partnership) constituted obligations distinct from guaranties they executed in their individual capacities which obligated them to pay all of the partnership's debts. The plaintiff contends that the obligations are distinct so that, on default of the limited partnership's obligations under the notes and the foreclosure of the related

[1]Richard T. Oshana and Jonah Jacob.

mortgage, the plaintiff's failure to comply with the notice required by G. L. c. 244, § 17B, did not preclude commencement of an action against the individual defendants as guarantors.[2] A panel of the Appeals Court divided on the issue, with two Justices concluding that, because the defendants' guaranties "substantively do no more than duplicate [their] already existing liability" as makers of the notes, whether the plaintiff brought an action on the notes or the guaranties, the plaintiff was compelled to comply with the statutory notice provisions. *JER SKW Servs., Inc.* v. *Gold,* 44 Mass. App. Ct. 243, 249 (1998). We conclude that the defendants' obligations pursuant to the guaranties were separate and distinct from their obligations under the notes, and thus the guaranties are enforceable without regard to § 17B.[3]

The pertinent facts are as follows. In September, 1991, the defendants, in their capacity as general partners of the limited partnership, executed and delivered to Shawmut Bank, N.A., two promissory notes (in the amount of nearly two million dollars) secured by a mortgage on certain commercial property in

---

[2]General Laws c. 244, § 17B, reads in pertinent part as follows:

"No action for a deficiency shall be brought . . . by the holder of a mortgage note or other obligation secured by mortgage of real estate after a foreclosure sale by him . . . unless a notice in writing of the mortgagee's intention to foreclose the mortgage has been mailed, postage prepaid, by registered mail with return receipt requested, to the defendant sought to be charged with the deficiency . . . ."

The provisions of § 17B may not be waived, and any agreement to waive them is void. G. L. c. 244, § 17C.

[3]The Appeals Court affirmed the Superior Court judge's denial of the defendant Jonah Jacob's cross appeal. Jacob argued that the judge erred in denying his motion to dismiss the plaintiff's appeal because the plaintiff's failure timely to pay the requisite docket fee in the Appeals Court constituted inexcusable neglect. The Appeals Court determined that "any error on the part of the appellant was the result of excusable neglect. See *Mailer* v. *Mailer,* 387 Mass. 401, 405 (1982)." *JER SKW Servs., Inc.* v. *Gold,* 44 Mass. App. Ct. 243, 251 (1998). We agree with this determination. Another court deciding the issue may have come to a different conclusion, but the matter involves a high measure of discretion, and we are not inclined to set aside the exercise of discretion made by the two courts that have refused to dismiss the appeal. See *Karen Constr. Co.* v. *Lizotte,* 396 Mass. 143, 145-146 (1985) ("excusable neglect" seemingly given fairly loose interpretation); *Giacobbe* v. *First Coolidge Corp.,* 367 Mass. 309, 315-316, 317 (1975) (rules of appellate procedure contain many deadlines, but also provide lower courts broad discretionary authority to permit prosecution of appeals despite noncompliance with timetable).

Westfield. Each of the defendants, in his individual capacity, executed contemporaneously with the promissory notes a guaranty reaffirming his obligation to pay all of the limited partnership's debts pursuant to guaranties each had executed in April, 1988. By the terms of those documents, the defendants jointly and severally "unconditionally guarantee[d]" to Shawmut "full and prompt payment at maturity of all present and future obligations" of the general partners of the limited partnership.

The plaintiff purchased from Shawmut the notes, guaranties, and all related mortgage documents. After the limited partnership defaulted on its obligations under the notes and mortgage, the plaintiff[4] commenced an action in the Superior Court against the defendants as guarantors of the limited partnership's obligations, for the "full amount of the mortgage due." Prior to filing its complaint, the plaintiff twice demanded that the defendants pay amounts that might be due under the notes, but the defendants failed to make payment. State Street Bank and Trust Company thereafter sold the Westfield property at a foreclosure sale. A judge in the Superior Court denied the plaintiff's motion for summary judgment and entered a judgment dismissing the complaint.[5]

The Appeals Court, relying principally on *Seronick* v. *Levy*, 26 Mass. App. Ct. 367, 371 (1988), agreed with the judge's determination that the defendants' liability as individual guarantors "merely duplicates" their liability as makers of the note, and thus the defendants' guaranties are "surplusage." *JER SKW Servs., Inc.* v. *Gold, supra* at 246-248. The court based its result on the fact that, although the defendants' guaranties "could potentially enlarge the scope of [their] liability by exposing

[4]SKW Real Estate Limited Partnership (SKW) had assigned its interest in the mortgage to State Street Bank and Trust Company (State Street) in April, 1994, and thus State Street filed the complaint in the Superior Court. Pursuant to a motion by State Street, SKW was substituted as the plaintiff before argument was heard on State Street's motion for summary judgment because SKW remained the holder of the promissory notes and the guaranties.

[5]The judge did not rule on a motion for reconsideration in which the plaintiff asserted that notice had been sent to the defendants regarding its intent to seek a deficiency judgment. In the motion, the plaintiff submitted evidence to show that notice of the foreclosure sale had been sent to each of the three defendants by certified mail, and to defendant Jacob's attorney, all return receipt requested. The record indicates a receipt from Jacob's attorney, but none from Jacob. The notices sent to defendants Gold and Oshana were returned "unclaimed."

them to liability for any future advances made to the limited partnership as well as for the amounts due on the notes," because "no other advances were in fact made to the limited partnership[,] [t]he defendants' actual liability remains identical with respect to the notes and the guaranties." *Id.* at 247. In such circumstances, the court wrote, "suit may only be brought subject to the statutory notice requirement." *Id.* at 249. The dissent in the Appeals Court relied on the unconditional nature of the guaranties and the plain language of § 17B, to conclude that the statute "does not impose the obligation of notice" in circumstances "where the lender and the borrower separately agree that the borrower will be liable, in any event, for any unpaid balances then or thereafter due the lender." *Id.* at 253 (Gillerman, J., dissenting). For the reasons more fully elucidated by the dissent, see *id.* at 251-253, we conclude that judgment for the plaintiff should be entered on its motion for summary judgment.

General Laws c. 244, § 17B, "was designed for the protection of mortgagors and those liable with them or through them on mortgage obligations." *Senior Corp.* v. *Perine*, 16 Mass. App. Ct. 967, 967 (1983), quoting *Palumbo* v. *Audette*, 323 Mass. 559, 560 (1949). As the dissenting Justice in the Appeals Court explained, the provision "precludes an action for a deficiency on an *'obligation secured by mortgage of real estate'* unless the required notice is sent to the person to be charged for the deficiency" (emphasis in original). *JER SKW Servs., Inc.* v. *Gold, supra* at 251 (Gillerman, J., dissenting). The statutory notice provision requires that the notice "state the mortgagee's intention to foreclose the mortgage on property which 'secure[s] *a note* (or other obligation) *signed by you, for the whole, or part, of which you may be liable to me in case of a deficiency* in the proceeds of the foreclosure sale' " (emphasis in original). *Id.* It has been said that "[t]here is no statutory obligation on the part of a foreclosing mortgagee to notify guarantors because the liability of a guarantor does not flow from an 'obligation secured by a mortgage of real estate' but is independent of that obligation." *Seronick* v. *Levy*, 26 Mass. App. Ct. 367, 372 (1988).

Some States have enacted "anti-deficiency" laws which operate to prohibit or limit deficiency judgments following foreclosure, and courts in those jurisdictions generally do not permit deficiency judgments against guarantors who were also makers. See, e.g., *Union Bank* v. *Dorn*, 254 Cal. App. 2d 157,

159 (1967); *Valinda Bldrs., Inc.* v. *Bissner*, 230 Cal. App. 2d 106, 111 (1964). See also *Federal Deposit Ins. Corp.* v. *Singh*, 977 F.2d 18, 25 n.10 (1st Cir. 1992), and cases cited. Massachusetts has no such law, and we are not persuaded by the defendants' attempts to broaden the scope of § 17B to include such a policy. Section 17B is unambiguous: it does not provide a guarantor with the same protections afforded those primarily liable on a note, even if the guarantor was also the primary obligor of the instrument.[6]

In addition, the defendants' guaranties, unlike those at issue in *Seronick* v. *Levy, supra*; *Valinda Bldrs., Inc.* v. *Bissner, supra*; and *Riddle* v. *Lushing*, 203 Cal. App. 2d 831, 836 (1962), clearly are broader than the notes. They expose the defendants as guarantors to liability for all existing and future obligations of the limited partnership, which by implication includes the notes, although the guaranties make no specific reference to them. Whether the defendants' liability was in fact enlarged is irrelevant. "The [g]uarant[ies] [do] not refer to the repayment of any specific liability in any specific time period, but rather [were] clearly meant to secure any liability running from [the defendants] to [the plaintiff]. Stated another way, the obligation undertaken under the [g]uarant[ies] is not bounded by the term[s] of the [notes]." *Federal Deposit Ins. Corp.* v. *Singh, supra* at 25.[7]

As the dissenting Justice in the Appeals Court explained,

---

[6]The defendants' argument is not advanced by reliance on the Appeals Court's opinion in *Seronick* v. *Levy*, 26 Mass. App. Ct. 367, 371 (1988), where the Appeals Court relied on the New Jersey Supreme Court's decision in *Ligran, Inc.* v. *Medlawtel, Inc.*, 86 N.J. 583, 589 (1981), to conclude that, "when a maker also signs a note as guarantor, the guaranty is surplusage." In *Ligran, Inc.*, the court looked to New Jersey's version of the Uniform Commercial Code, which parallels G. L. c. 106, § 3-416 (4) (1996 ed.), and provided, "No words of guaranty added to the signature of a sole maker or acceptor affect his liability on the instrument." *Id.* at 589, citing N.J. Stat. Ann. § 12A:3-416(4). The New Jersey court construed the statute to mean that "a sole maker cannot reduce his liability by adding words of guaranty to his signature." *Id.* We do not have a similar situation here.

[7]While the court in *Federal Deposit Ins. Corp.* v. *Singh*, 977 F.2d 18, 25 (1st Cir. 1992), relied on both the fact that the guaranty, unlike the note, obligated the guarantors to deliver additional collateral as well as that the obligation under the guaranty was not bounded by the term of the note, we view it sufficient under the court's reasoning that, because the guaranties at issue here were plainly intended to be broader than the note, the guaranty is broader in the sense envisioned by that court.

each guaranty executed by the defendants " 'unconditionally guarantee[d]' . . . the full and prompt payment at maturity of all present and future obligations[8] of the general partners of the limited partnership. Upon any default of the general partners, the liability of the guarantors 'shall be effective immediately, without demand, presentment, protest or notice of any kind, all of which are hereby waived . . . and without further steps to be taken or further conditions to be performed by Holder or anyone.' " *JER SKW Servs., Inc.* v. *Gold, supra* at 252 (Gillerman, J., dissenting). The dissent continued, "Such was the unconditional obligation of the defendants and [there is] no reason why they should be relieved of that obligation." *Id.* We agree. The defendants' guaranties were absolute and unconditional, entitling the plaintiff to require the defendants to fulfil the obligations they undertook thereunder, notwithstanding that the plaintiff may have failed to comply with the notice provisions in § 17B. See generally P.A. Alces, Suretyship and Guaranty § 1.02[1][a], at 1-3 (1997) ("The creditor that takes an absolute, unconditional guaranty will be able to require that the guarantor perform, notwithstanding the existence of the primary obligor's defense to performance of the primary obligor's contract with the creditor"). There is simply no justification for abrogating this rule in this case, where the defendants, seemingly experienced business persons, were engaging in a sophisticated commercial transaction involving large sums of money. The defendants' further reliance on various provisions of G. L. c. 244 and c. 106 does not convince us otherwise.

Furthermore, nothing in the guaranties, reaffirmed at the time the notes were executed, indicates that the defendants intended to restrict their breadth. "[By] executing the [g]uarant[ies] in addition to the partnership obligation, and by thereafter reaffirming [them] in conjunction with the [execution of the notes], the [defendants] incurred liability in two separate and distinct capacities." *Federal Deposit Ins. Corp.* v. *Singh, supra* at 22. Accordingly, we conclude that "[t]his action is based on a separate personal obligation on the part of the defendant[s] under the guarant[ies] . . . . [The defendants'] obligations [did not] arise from the mortgage. They stem from the contract[s] of

---

[8]The guaranties defined "obligations" to mean "all loans, indebtedness, notes, liabilities . . . and amounts . . . owing by [the general partners] . . . at any time . . . now existing or hereafter contracted."

guaranty, the independence of which is apparent from [their] provisions . . . ." *Senior Corp.* v. *Perine*, 16 Mass. App. Ct. 967, 967 (1983).

The judgment dismissing the plaintiff's complaint is vacated. Judgment is to enter determining the defendants liable on their guaranties, and there are to be further proceedings in the Superior Court to determine the amount of damages. The order denying the motion to dismiss the plaintiff's appeal is affirmed.

*So ordered.*