Sosman, J.
Plaintiff Morton BenMaor brought the present action complaining of breach of contract and breach of fiduciary duty on the part of defendant Leon Goldberg, his fellow shareholder in a closely held corporation. Among other relief, BenMaor sought declaratory judgment with respect to the enforceability of a note and mortgage that Goldberg claimed to hold as assignee of the corporation’s former lender and an injunction preventing Goldberg from foreclosing on that mortgage. Goldberg filed a counterclaim also alleging breaches of fiduciary duty on the part of plaintiff and seeking equitable contribution from plaintiff on the note in question.
Plaintiff BenMaor has now moved for partial summary judgment with respect to the enforceability of the note and mortgage, contending that Goldberg’s payment of the note has now discharged both parties’ liability as maker and guarantor, leaving Goldberg with only the right to seek equitable contribution from BenMaor for his share of the amount paid to discharge the note. For the following reasons, plaintiffs motion for partial summary judgment is ALLOWED.
Facts
Back in 1983, BenMaor and Goldberg founded a photographic equipment business known as Creative Sales of New England.[1] On August 21, 1984, both BenMaor and Goldberg executed a $30,000 promissory note in favor of Milford Savings Bank. The signature line indicated that the note was being signed by “Mort BenMaor and Leon W. Goldberg, dba Creative Sales of New England.” As security for the note, the bank was given a first mortgage on defendant Goldberg’s home and a second mortgage on plaintiff BenMaor’s home. In addition to their individual signatures as co-makers on the note, both men also signed a personal guarantee of “all present and future obligations of Borrower to Bank.”
The bank failed and was taken over by the FDIC, and the FDIC ultimately sold the BenMaor-Goldberg note, mortgages and guarantees to Midstate Resources Corporation (“Midstate”). On March 28, 1996, Midstate notified both parties that the note was in default and advised that it intended to proceed with foreclosure upon Goldberg’s first mortgage if the note was not paid in full within thirty days. The amount then owing on the note was $34,331.06. On April 12, 1996, Midstate commenced foreclosure proceedings by filing an action in the Land Court with respect to the Goldberg mortgage. At no time did Midstate pursue foreclosure on BenMaor’s mortgage (presumably because the BenMaor mortgage was a second mortgage whereas the Goldberg mortgage was a first mortgage).
On April 24, 1996, Goldberg paid Midstate $35,624.59, the full amount that Midstate claimed was then owing on the note. However, despite the fact that the note was being paid in full by one of its makers, Goldberg asked Midstate to “assign” the note and the BenMaor mortgage to him. Midstate complied with that request and executed an assignment of the note and the BenMaor mortgage to Goldberg on May 1, 1996.
On November 14, 1996, claiming to be the “as-signee" of the note and the BenMaor mortgage, Goldberg filed an action in the Land Court to commence foreclosure on the BenMaor mortgage. The present action was filed on December 23, 1996, seeking damages for alleged breach of contract (Count 1), breach of fiduciary duly (Count 2), and estoppel (Count 3), and a declaration that the note and mortgage were “null and void and unenforceable by Defendant against Plaintiff (Count 4) and a preliminary injunction to halt the foreclosure proceedings (Count 5). A preliminary injunction enjoining the foreclosure was entered on December 27, 1996. On March 2, 1998, Goldberg amended his answer to add a counterclaim for equitable contribution toward the payment he made in satisfaction of the note.
On March 12, 1999, plaintiff served his motion for partial summary judgment on his claims for declaratory relief (Count 4), contending that the note had been discharged and that the note and mortgage were therefore no longer enforceable against him. As part of his argument, plaintiff pointed out that the items purportedly assigned to Goldberg by Midstate did not include plaintiffs personal guarantee of the note. On March 17, 1999, Midstate executed another assignment, purporting to assign the personal guarantee to Goldberg “effective May 1, 1996.”
Discussion
When one co-maker of a note pays the full amount due on the note, he discharges not only his own liability on the note but that of his other co-makers as well. Awed v. Marvico, 11 Mass.App.Ct. 1140, 1141-42 (1989). The co-maker who pays off the note has an action for equitable contribution from the other co *376 makers, not an action on the note itself.[2] Id. The discharge of a note also automatically discharges any mortgage that secured that note.
Goldberg seeks to avoid these fundamental principles by reference to the fact that he obtained an “assignment” of the note and mortgage. However, as the “assignee” of Midstate, Goldberg does not acquire any rights beyond those of Midstate itself. Once the note was paid in full to Midstate, the note and mortgages were automatically discharged. “Assigning” them to Goldberg did not create any new liability tmder them. Goldberg’s status as “assignee” does not change the fact that the instruments “assigned” to him are no longer enforceable due to their discharge.[3]
Goldberg further seeks to claim against BenMaor under BenMaor’s personal guarantee, which was recently “assigned” to Goldberg by Midstate. However, payment in full on the note extinguishes the obligation of any guarantor, and a principal has no right of contribution against a guarantor. Seronick v. Levy, 26 Mass.App.Ct. 367, 372-73 (1988), Goldberg relies on a provision in the guarantee to the effect that BenMaor’s liability on the guarantee “shall not be terminated or otherwise affected or impaired . . . because Borrower may, by operation of law or otherwise, be relieved of liability upon its obligations.” The “Borrower” (Goldberg and BenMaor dba Creative Sales of New England) was not “relieved of liability upon its obligations” trader the note. Rather, Borrower satisfied those obligations by payment in full. Put simply, where the borrower’s liability has been extinguished by payment in full, there is nothing further owed for which the guarantor can be liable. Goldberg’s status as “assignee” of a guarantee on a debt that has already been paid in full does not give him any further rights as against BenMaor.
Goldberg also contends that the cases of SKW Real Estate Limited Partnership v. Gold, 428 Mass. 520 (1998), and Federal Deposit Insurance Corp. v. Singh, 977 F.2d 18 (1992), somehow give rise to additional liability under BenMaor’s personal guarantee. SKW addressed the problem of notice requirements for pursuit of deficiency after foreclosure when a comaker and mortgagor (who is entitled to such notice) is also a guarantor (who would not be entitled to notice). The court’s discussion of how and why certain provisions in the guarantees allowed the lenders to pursue the guarantors for a deficiency without having given the statutory notice to which they would be entitled in their capacity as mortgagors does not, in any way, suggest that a guarantor of a note that has been paid in full still owes anything to anyone, nor does it suggest that a guarantor owes anything to his principal. Singh allowed a lender to enforce the unconditional guarantees of persons who were also makers of the note, despite the fact that the note itself was nonrecourse. Again, nothing in Singh even remotely suggests that the guarantors would owe anything to anyone if the note had been paid in full by one of its makers, nor does it suggest that the maker who had paid the note in full had any claim against his comaker based on that co-maker’s guarantee. It is not an issue of whether SKW and Singh are “distinguishable” from the present case. Rather, the issues being raised in SKW and Singh have absolutely nothing to do with either the fact pattern or the elementary principles of law at issue in the present case.
Finally, the court is satisfied that Goldberg’s assertion of these claims is itself “wholly insubstantial, frivolous and not advanced in good faith.” G.L.c. 231, §6F. It is elementary that payment of a note in full discharges that note and any mortgage securing that note, and it is equally fundamental that there can be no liability to anyone on a guarantee of a note when the note has been paid in full. Goldberg’s arguments to the contrary qualify as both “wholly insubstantial” and “frivolous.”
With regard to the finding that Goldberg’s claims as “assignee” of the note, mortgage and guarantee were “not advanced in good faith,” the court first notes that, as either a partner of BenMaor’s or as a fellow shareholder in a closely held corporation, Goldberg owes BenMaor an affirmative duty of good faith and loyalty. The deliberate creation of a sham and meaningless “assignment” so as to benefit himself at the expense of his partner/fellow shareholder certainly violates that duty of good faith and loyalty. In substance, Goldberg set out to shift to BenMaor the entire responsibility for the note balance, where the law would make BenMaor responsible only for his proportionate share. As a result, BenMaor had to bring the present action in order to prevent a wrongful foreclosure and in order to get declaratory relief with respect to the obviously discharged status of the note and mortgage. When the gross defects in Goldberg’s theories were spelled out in BenMaor’s present summary judgment motion,[4] Goldberg persisted in his frivolous claims and went so far as to concoct a further sham “assignment” of the personal guarantee so as to try and bolster (or at least confuse) those frivolous claims. This attempt to transfer a disproportionate share of the joint liability to his fellow shareholder/partner by mislabeling the note payoff as an “assignment” smacks ofbad faith. Accordingly, upon submission of an affidavit setting forth the attorneys fees expended by plaintiff, the court will award plaintiff BenMaor those attorneys fees and costs that were expended in obtaining the preliminary injunction to halt the foreclosure proceedings and in preparing and arguing this successful motion for partial summary judgment.[5]
ORDER
For the foregoing reasons, plaintiffs motion for partial summary judgment is ALLOWED as to Count 4 of plaintiffs complaint and plaintiff is hereby awarded his attorneys fees and costs in an amount to be determined representing the fees and costs he *377 incurred in obtaining the preliminary injunction and in preparing and arguing this motion for partial summary judgment.

 Plaintiff BenMaor claims that the parties created a corporation, MGB Enterprises, Inc., that did business under the name “Creative Sales of New England.” Defendant Goldberg claims that the corporation was not properly formed and that he and BenMaor operated instead as a partnership. The dispute as to the form of business entity they operated under, whatever relevance it has to other issues in their claims against each other, has no bearing on the present enforceability of the note they executed.

 In his counterclaim, Goldberg himself characterized his claim as one for “equitable contribution,” complaining that BenMaor “has failed or refused to equitably contribute toward the parliament made by the Defendant in satisfaction of partnership debt.”

 Nor does the assigned mortgage serve to secure Goldberg’s claim for equitable contribution from his comaker. The mortgage explicitly states that it secures only the $30,000 note of August 21, 1994. It does not secure any other debt or obligation. Where the note has been discharged, the mortgage is now also discharged. Goldberg’s claim against BenMaor for equitable contribution is an unsecured claim.

 These defects had previously been brought to defendant’s attention in the parties’ Joint Pre-Trial Memorandum, filed on February 4, 1998.

 The court is not awarding fees for or expressing any opinion as to the merits of the other claims and counterclaims that the parties have brought against each other. This motion and award of fees deal only with the claims that Goldberg has brought under the note, mortgage and guarantee.