Kern, Leila R., J.
This action stems from an alleged default on a commercial lease by the defendants, Casatova, LLC and Michael and Christina Ovalle. Now before this court is the plaintiffs, Linear Retail Dan-vers #1, LLC (Linear), motion for summary judgment as to the liability of the Ovalles. For the following reasons, Linear’s Motion for Summary Judgment is DENIED.
BACKGROUND
On November 10, 2005, Linear, as lessor, and Casatova, as lessee, entered into a written lease for commercial property located at 110 Newbury Street in Danvers, Massachusetts, for five years. The Ovalles executed a personal guaranty of the lease on the same day.[2] On March 22, 2007, Linear notified Casatova they were terminating the lease because Casatova failed to pay rent from February 2006 through June 2007. On June 25, 2007, Linear filed a summary process complaint in Salem District Court, and on July 27, 2007, that court awarded Linear judgment for possession of the premises. On October 23, 2007, Linear filed a complaint against both Casatova and the Ovalles for rent owed.
On October 31, 2007, Casatova and the Ovalles filed an answer and counterclaim. The defendants allege before, during and after the execution of the lease, Linear made a number of oral and written representations to the defendants regarding the premises. The representations included: installation of good lighting and other safely features at the property; installation of professional signs, both in the front and in the back of the property; improvement of traffic flow; increased visibility of the premises and implementation of heavy advertising; construction of a “Starbucks/driveway project” for a new entryway and exit; and, substantial improvement of the parking lot and landscape. The defendants allege none of these improvements were made. The defendants also allege Linear misrepresented the number of cars that passed the premises on a daily basis.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when the summary judgment record shows “there is no genuine issue as to any material fact and that the moving parly is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Com, 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc'ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and the summary judgment record entitles it to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Fiesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in their favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the opposing party has not responded with specific *138 facts to establish a genuine, triable issue, the court grants the motion for summaiy judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial. . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
II. Linear’s Claim
Linear argues the Ovalles, as guarantors of Casatova’s obligation to pay rent under the lease agreement, are absolutely and unconditionally liable to Linear for rent owed by Casatova. Because the Salem District Court already decided Casatova defaulted on the lease, Linear continues, there is no issue of material fact, and summaiy judgment should enter in its favor.
Obligations of a guarantor “are not predicated on the note, ‘but upon the contract expressed in the guaranty.’” The Cadle Co. v. Webb, 66 Mass.App.Ct. 269, 273 (2006), quoting Charlestown Five Cents Sav. Bank v. Wolf, 309 Mass. 547, 551 (1941). Obligations pursuant to an agreement, therefore, are separate and distinct from obligations pursuant to an absolute and unconditional guarantee of monies owed under such agreement. SKW Real Estate Limited Partnership v. Gold, 428 Mass. 520, 525-26 (1998). “The creditor that takes an absolute, unconditional guaranty will be able to require that the guarantor perform, notwithstanding the existence of the primary obligor’s defense to performance of the primary obligor’s contract with the creditor.” Id. at 525 This rule, however, is always tempered by a defense of fraud or bad faith. See Pemstein v. Stimpson, 36 Mass.App.Ct. 283, 288 (1994); The First National Bank v. Bergreen, 11 Mass.App.Ct. 956, 957-58 (1981).
Here, the Ovalles allege they were fraudulently induced into entering the guarantee. To establish fraud in the inducement, the claiming party must show, “misrepresentation of a material fact, made to induce action, and reasonable reliance on the false statements to the detriment of the person relying.” Commerce Bank & Trust v. Hayeck, 46 Mass.App.Ct. 687, 692 (1999). While the failure to follow through on an expression or intention to do something, standing alone, is not tortious, see Stolzoff v. Waste Systems Int’l Inc., 58 Mass.App.Ct. 747, 759 (2003), citing Yerid v. Mason, 341 Mass. 527, 530 (1960), an expression of intention may be actionable if “the statements misrepresent the actual intention of the speaker and were relied upon by the recipient to his damage.” McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 709 (1990). See also Barrett Assoc., Inc. v. Aronson, 346 Mass. 150, 152 (1963).
In response to Linear’s motion, the Ovalles contend before, during and after lease negotiations, Linear represented they would make a number of improvements to the leased premises in order to better attract customers. They also allege these representations, made falsely, were designed solely to draw them into the lease agreement. Whether these statements were made, and whether, if made, they misrepresented Linear’s actual intentions, are factual issues ripe for determination by a finder of fact. See Town of Sudbury v. Scott, 439 Mass. 288, 302 (2003) (“A person’s intent is a question of fact ‘to be determined from his declarations, conduct, and motive, and all the attending circumstances’ ”), quoting Galotti v. U.S. Trust Co., 33 Mass. 496, 501 (1957). As a result, the Ovalles have responded to Linear’s motion by pointing to specific facts that raise a genuine issue of material fact.[3]
Accordingly, Linear’s Motion for Summaiy Judgment is DENIED.
ORDER
It is hereby ORDERED Linear’s Motion for Summary Judgment is DENIED.

 Paragraph 1 of the Guaranty said the Ovalles “absolutely, unconditionally, and irrevocably guarantee the full and timely performance by Tenant of each and every term, condition and covenant to be performed by Tenant under the Lease, including without implied limitation the Tenant’s obligation to pay such rents, charges, costs and impositions as are set forth in the Lease.” (Linear First Amended Complaint, ex. B, p. 1.)

 Linear also argues, pursuant to par. 6 of the Guaranty, the Ovalles expressly waived their right to assert any defenses or counterclaims based on fraud. It is, however, established that a claim or defense based on fraud in the inducement survives an express waiver of a right to make such a claim. See Pemstein, 36 Mass.App.Ct. at 288.