ADOLPHUS DAVIS & another *vs.* DANIEL F. CAVERLY.

Suffolk. Nov. 10, 1875. — June 22, 1876. ENDICOTT & LORD, JJ., absent.

The defendant and C. and D. bought a quarry and afterwards sold a portion to R., taking his notes in payment. In a subsequent settlement C. and D. paid to the defendant a balance due him on the sale, and also gave him a written agreement to pay and save him harmless from an outstanding joint note for the purchase money, while the defendant gave to C. and D. a separate written agreement to assume at maturity a share of the outstanding notes of R. given for his purchase of a part of the quarry "in case said R. should fail to pay them at maturity." *Held,* in an action on this agreement by the assignees in bankruptcy of C. and D., to recover the amount of an unpaid note of R., that the agreement was a guaranty and not an original promise of the defendant.

CONTRACT, by the assignees in bankruptcy of Henry Currier and George W. Dean, upon the following agreement, signed by the defendant:

" $29,500.    Boston, Jan. 1, 1867.    In consideration of one dollar paid to me by Currier & Dean, I hereby agree to assume one fourth part of the notes of H. B. Richmond and interest at maturity, amounting to $29,500, given in purchase of Marble Quarry, in case said Richmond should fail to pay them at maturity."

. Writ dated March 5, 1870.    At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions, the substance of which appears in the opinion.

*O. Stevens*, for the defendant.

*I. W. Richardson & J. D. Long*, for the plaintiffs.

COLT, J.    The defendant was jointly interested with Currier and Dean in the purchase of a quarry.    Advancements had been made, and expenses incurred by the latter in the purchase and improvement of the same, and part had been sold to one Richmond and his notes taken in payment.    The defendant, in a settlement with Currier and Dean, was charged with his share of the expenses and of the original cost, and credited with the part sold; the balance was paid to him by Currier and Dean, who also gave him a written agreement to pay and save him harmless from an outstanding joint note for the purchase money.    The defendant, on his part, at the same time gave to Currier and Dean a separate written agreement to assume at maturity, a share of the outstanding notes of Richmond, given for his purchase of a part of the quarry, in case he should fail to pay.

This action is brought on the last named agreement, by the assignees in bankruptcy of Currier and Dean, to recover a balance unpaid on one of the Richmond notes which became due in 1868.    The defendant offered to prove that he had no notice of the nonpayment of this note until about the time of the commencement of this action, and that, for more than two years after the note fell due, Richmond was in good credit, and could have paid it, but Currier and Dean voluntarily gave him time upon it.    The court ruled that the evidence would not amount to a defence; and the only question is whether the promise de-

clared on is an original promise of the defendant to pay his own debt, or only a guaranty of the debt of another. In the opinion of the court it is the latter.

By the settlement between the parties, Currier and Dean became the sole owners of, and had alone the right to demand and receive payment of the notes against Richmond. The unpaid note is now a valid obligation in the plaintiffs' hands, as assets of the bankrupt estate. The defendant's promise was made with respect to these notes and nothing else. It cannot be construed as an absolute original promise to pay back, in a certain contingency, advances then made. It was a promise to assume and pay the notes at maturity if the maker did not. The language used is the appropriate language of guaranty, with no ambiguity justifying a resort to surrounding circumstances or relations for explanation. The fact that the defendant derives benefit from the transaction is not alone enough to make it an original promise, for there must always be some consideration to support a mere collateral undertaking. It is sufficient if the leading object of the contract, as ascertained from the terms of it, is one of suretyship. By these tests it is clear that the defendant's promise in this case was intended to be collateral to the original principal obligation of another, and the court erred in rejecting the evidence offered. *Nelson* v. *Boynton*, 3 Met. 396. *Alger* v. *Scoville*, 1 Gray, 391. *Furbish* v. *Goodnow*, 98 Mass. 296. *Ames* v. *Foster*, 106 Mass. 400. *Wills* v. *Brown*, 118 Mass. 137.                                    *Exceptions sustained.*