CHARLESTOWN FIVE CENTS SAVINGS BANK *vs.* J. ROBERT WOLF & another, administrators.

Norfolk. May 16, 1941. — September 9, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Guaranty. Bills and Notes,* What constitutes promissory note, Maker, Guarantor. *Limitations, Statute of. Contract,* Construction. *Words,* "Guarantee," "Promise to pay."

The signer of a writing, appearing on the face of a mortgage note below the maker's signature and executed contemporaneously with the note and stating, "For value received, I guarantee and promise to pay the above note and interest, according to the tenor thereof, waiving demand and notice. No extension or indulgence or partial release shall prevent my remaining fully liable," was not a comaker of the note nor the maker of another note, but was solely a guarantor of the note.

The obligation of the signer of a guaranty to pay a witnessed note "according to . . . [its] tenor" was merely to pay it at maturity if the maker did not then pay it, and an action brought on the guaranty less than twenty but more than six years after maturity of the note was barred by G. L. (Ter. Ed.) c. 260, § 2, First.

CONTRACT. Writ in the Municipal Court of Brookline dated August 25, 1940.

The defendants pleaded the six-year statute of limitations. The action was heard by *Comerford,* J.

*R. H. Bond,* for the plaintiff.

*Lee M. Friedman,* (*C. W. Spencer* with him,) for the defendants.

DONAHUE, J. The plaintiff is the payee named in a promissory note in the sum of $17,500, signed by Alice L. Wolf as maker, dated January 26, 1923, payable in three years with interest at six per cent per annum, payable quarterly, and secured by a mortgage of real estate. The signature of the maker was witnessed. Below the signature of the maker the following words appear: "January 26th,

1923   For value received, I guarantee and promise to pay the above note and interest, according to the tenor thereof, waiving demand and notice.   No extension or indulgence or partial release shall prevent my remaining fully liable." For convenience, we follow the plaintiff's brief in referring to the words above quoted as the "memorandum."   The memorandum was signed by Bernard M. Wolf, the defendants' intestate, and his signature was witnessed.   On the reverse of the instrument appear credits on account of interest and principal, which show the balance unpaid on the note to be $8,373.88.   It was agreed by the parties that the payments made on the note were not made by Bernard M. Wolf or by the defendants, his administrators.   The above is all the evidence introduced at the trial, which was in a District Court.   The fundamental question here argued by the parties is whether recovery on the instrument above set forth is barred by the statute of limitations.

The judge in the District Court found for the plaintiff on a count in the declaration which alleged that the defendants' intestate guaranteed the payment of the note with interest, and "promised and agreed to pay the plaintiff said note and interest in case of default in payment thereof by the maker of said note."   The judge reported to the Appellate Division his refusal to give various rulings requested by the defendants.   The Appellate Division held that there was prejudicial error in the refusal of the trial judge to give various requests for rulings filed by the defendants, to the effect that there should have been a finding for the defendants on the ground that the plaintiff's cause of action was barred by the statute of limitations, that a finding for the plaintiff was not warranted, and that the liability of the defendants' intestate was that of a guarantor and not the liability of a comaker.   The Appellate Division entered the order: "Finding for the plaintiff vacated, judgment to be entered for the defendants."   The plaintiff has appealed from this order.

The plaintiff does not here contend that the defendants' intestate was liable as an indorser of the note.   Its contentions are that the memorandum signed by the defendants'

intestate incorporated by reference the note signed by Alice L. Wolf, that the memorandum signed by him "amounts not only to a guaranty, but [is] a new note" — "a note in itself" — or that the defendants' intestate became a comaker of the original note. If the defendants' intestate was a comaker of a witnessed note, this action, brought on August 25, 1940, would not be barred by the twenty-year statute of limitations. G. L. (Ter. Ed.) c. 260, § 1, Third. The defendants contend that the obligation of their intestate was solely that of a guarantor, that by its terms the note became due on January 27, 1926, and that since this action was not brought within six years of that date, recovery is barred by the six-year statute of limitations. G. L. (Ter. Ed.) c. 260, § 2.

It is a reasonable inference that the note, the mortgage referred to in the margin of the note, and the memorandum signed by the defendants' intestate, were executed at the same time. Other than this the circumstances attendant on the transaction do not appear. The terms of the mortgage do not appear in the record. The intention of the parties as to the character of the liability assumed by the defendants' intestate is to be ascertained from a fair construction of all the language appearing in the note and in the memorandum, according to the usual rules of interpretation, in the light of the subject matter involved and by giving appropriate effect to all the words in the note and in the memorandum where that is reasonably practicable. *Zeo* v. *Loomis*, 246 Mass. 366, 368. *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367, 375.

The language of the memorandum expressing an obligation of the defendants' intestate does not, as the plaintiff contends, support the conclusion that the parties intended he should be a comaker of the note.

The word "guarantee" appearing in the memorandum suggests, not a primary, but a collateral undertaking. The ordinary meaning of the word is that some one else is primarily liable for a debt and that the guarantor will pay it if the primary debtor does not. *Allen* v. *Herrick*, 15 Gray, 274, 285. *Welch* v. *Walsh*, 177 Mass. 555, 559. The phrases,

"waiving demand and notice" and "No extension or indulgence or partial release shall prevent my remaining fully liable," are superfluous if, as the plaintiff contends, the parties intended that the defendants' intestate should become a comaker of the note. A demand or notice is not necessary in order to hold a party who is primarily liable on a note, and a comaker of a note would not be discharged by any indulgence or extension of time granted by the payee to another comaker. *Union Trust Co.* v. *McGinty*, 212 Mass. 205, 207–208. But the phrases above quoted would, however, have real significance if the obligation of the defendants' intestate was that of a guarantor. Without some such statement in the memorandum, a release or a binding extension of time given by the payee to the maker of the note would release the defendants' intestate from his liability as a guarantor. *Manufacturers' Finance Co.* v. *Rockwell*, 278 Mass. 502, 505, and cases cited. *Taborsak* v. *Massachusetts Bonding & Ins. Co.* 289 Mass. 8, 12–13.

Since the memorandum and the note were executed at the same time, if it was the intention of the parties that the liability of the defendants' intestate should be that of a comaker of the note such a result could be accomplished merely by having him place his signature below that of Alice L. Wolf, the maker. Instead of following that course the plaintiff took from the defendants' intestate an obligation expressed in language appropriate if it was intended that he should be a guarantor, but inappropriate if he was to be a comaker of the note.

The language of the memorandum signed by the defendants' intestate cannot be given the effect of a promissory note. It does not express "an unconditional promise or order to pay." G. L. (Ter. Ed.) c. 107, § 23. *Central National Bank* v. *Hubbel*, 258 Mass. 124. The context in which the words "promise to pay" appear qualifies the promise and expresses a conditional, not an unconditional, promise to pay. In instruments where such or similar words appeared the obligation has been held to be a secondary and not a primary obligation. *Mayo* v. *Bloomberg*, 290 Mass. 168. *Bishop* v. *Eaton*, 161 Mass. 496. *Davis* v. *Caverly*, 120

Mass. 414. *Crocker* v. *Gilbert,* 9 Cush. 131. See also *Charlestown Five Cents Savings Bank* v. *Zeff,* 275 Mass. 408, where the language in a note and an annexed memorandum was substantially the same as the language in the note and memorandum in the present case and the signers of the memorandum were held as guarantors. Though written on the face of a promissory note, the memorandum signed by the defendants' intestate was not a note. It was a separate contract differing from the note appearing above it as to terms and parties. *Allen* v. *Herrick,* 15 Gray, 274, 285. *Carpenter* v. *Thompson,* 66 Conn. 457, 463, 464. *Limerick National Bank* v. *Jenness,* 116 Maine, 28, 31.

The memorandum must be construed with the note, the principal obligation, to which the memorandum refers, that is, the guaranty must be construed as a contract of the defendants' intestate to pay the principal obligation at its maturity, if the principal debtor did not then pay it. But this does not mean that the guaranty was a contract to pay the principal obligation at all times from the day the note matured until the twenty-year period of limitation, applicable to witnessed notes, expired. The obligation of the guarantor was "to pay" the note "according to the tenor thereof," if the maker did not pay it at maturity. The "tenor" of the note was that it should reach maturity in three years from the day of its making and that the maker of the note should then pay it. The twenty-year statute of limitations was not part of the tenor of the note. It was a limitation on the time within which suit could be brought against the maker of the witnessed note. G. L. (Ter. Ed.) c. 260, § 1, Third. But that statute was not incorporated in the note as one of its terms. Upon the failure of the maker of the note to pay it at maturity the obligation of the guarantor to pay it· arose. His obligation was based not on the note but upon the contract expressed in the guaranty that he would pay the principal sum of the note with interest, if the maker of the note failed to pay at maturity. This was an ordinary contract obligation to which the six-year statute of limitations applied.

*Order of Appellate Division affirmed.*