OToole, J.
This appeal arises out of an action on a promissory note. The defendant’s answer raised, among other things, the affirmative defense that the statutory limitations period had expired. The defendant also asserted a somewhat unclear counterclaim that appeared to be a restatement of his defenses. After trial, the court found for the defendant on the complaint and for the plaintiff on the counterclaim. In this appeal, the plaintiff claims to be aggrieved by the court’s denial of its request for rulings 1,2,3,4,5,6,7,10 and also by the court’s denial of its post-trial motions for additional findings of fact and to amend judgment.
At trial, the court found the following facts: The defendant was the President of Russell Housing Corporation. On April 27,1965, the corporation executed a promissory note to the plaintiff bank in the amount of $11,000, secured by amortgage on property located at 18 Browning Avenue in Dorchester. The defendant signed the back of the note as guarantor of payment of the principal and interest under the note in the event of default. The property was later conveyed to the Barrett Realty Trust on December 29,1966, subject to the mortgage. The bank had knowledge of this conveyance. The Russell Housing Corporation was dissolved in 1971.
In 1975 the note was in default, and the bank made unsuccessful demand for payment. Thereafter, the bank began foreclosure proceedings in the Land Court. Notice of the foreclosure sale was sent to the defendant as Trustee of the Barrett Realty Trust. The bank was the sole and high bidder at the auction, and the trial court concluded that acceptance by the auctioneer of the bank’s bid constituted a sale of the property. The court also found that the bank did not record the foreclosure deed or affidavit as required by G.L c. 244, § 15, nor did it send the notice to the defendant required by G. L c. 244, § 17B. Some years later, on September 28, 1984, the bank commenced this action to recover the deficiency remaining after the foreclosure sale.
The trial court ruled that bank’s claim was barred by the applicable statute of limitations, M.G.L c. 260, § 2, restricting the time for bringing a suit in contract to six years from the date the cause of action accrued. The bank’s cause of action against the defendant as guarantor of the notes arose upon the corporation’s default under the note, which had occurred more than six years prior to the commencement of the action.
In this appeal, the bank claims to be aggrieved by the trial court’s denial of eight requested rulings of law. The first three related to the statute of limitations issue. They were:
1. The twenty (20) year Statute of Limitations applies to this case. Action uponnotes issued byabankmust be commenced within twenty (20) years after the cause of action accrues. G.L c. 260, § 1. This action was commenced within twenty (20) years of both causes of action.
2. By continuing the business operation after the dissolution of his corpo *67 ration, the defendant acted as agent for a “non-existent principal, and can be held accountable on that basis” by the plaintiff. PEAIRS, CA, JR., BUSINESS CORPORATIONS, 167 p. 338 (1971) (Mass. Practice, Vol. 13). The twenty (20) year Statute of Limitations which applies to the underlying claim of an action on a note issued by a bank is applicable in this case. See Foster v. Evans, 384 Mass. 687, 696-697 (1981).
3. Even if the six (6) year Statute of Limitations governing ordinary contractual obligations applies in this case, the plaintiff’s action is not barred. G.L c. 260, § 1. Plaintiff’s complaint was filed within six (6) years of the maturity date of both notes. Charlestown Five Cents Savings Bank v. Wolf, 309 Mass. 547, 551 (1941).
The trial court correctly denied each of these requests. The bank’s suit here was not against the primary obligor under the promissory note but rather against the defendant upon his guaranty. The guaranty was an agreement, or contract, to pay the bank if it were unable to collect from the maker of the note. The cause of action was one of contract, and the contract statute of limitations applied. Charlestown Five Cents Savings Bank v. Wolf, 309 Mass. 547 (1941).
The cause of action against the defendant arose when the bank first had the right to demand payment from him under his contract of guaranty. That occurred upon the default of the maker, which certainly had occurred before the foreclosure sale in 1975. The trial courtwas quite right that this suit, brought some nine years later, was barred by the six year limitations period.
That being so, any other error that the trial court might have made would be immaterial. Nevertheless, we think it is important to note that the trial court’s rulings on the other requests by the bank were also correct Requests 4 and 5 dealt with a method of foreclosure not employed by the bank and thus, right or wrong as statements of legal principles, were beside the point The bank did not foreclose by entry, but by sale. The refusal to grant these requests for rulings was proper. Request 6 was based upon a factual predicate at odds with the factual findings by the trial court and was thus properly denied. Request 7 appears to be an argument for factual conclusion rather than a statement of legal principle; it was properly disregarded. Similarly, Request 10 is a request for a factual conclusion that the trial judge did not make, and its denial was not error.
Finally, there was neither an error of law nor an abuse of discretion in the trial court’s denial of the bank’s post-trial motions.
The decision of the trial court is affirmed. The Report before us is dismissed.