MICHAEL J. D'ANNOLFO vs. D'ANNOLFO CONSTRUCTION
CO., INC., & another.[1]

No. 92-P-1455.

Middlesex. December 20, 1993. - August 28, 1995.

Present: ARMSTRONG, SMITH, & PORADA, JJ.

*Limitations, Statute of. Guaranty. Negotiable Instruments*, Note. *Interest.*

A guarantor of payment of a promissory note executed and guaranteed
after the effective date of G. L. c. 106, §§ 1-201 (40) and 3-416 (1)
and (5), undertook a direct, rather than collateral or conditional, liabil-
ity to the holder of the note as if he were a comaker, and the applicable
statute of limitations in an action brought by the payee against a guar-
antor was a twenty-year period under the provisions of G. L. c. 260,
§ 1, and not the six-year general contract limitation period set out in
G. L. c. 260, § 2. [190-193]

Where the terms of a promissory note did not provide for compounding of
interest, the judge in a civil action brought by the payee against the
guarantor of the note incorrectly ordered the interest due to be com-
pounded. [193]

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 13, 1985.

The case was tried before *John P. Sullivan, J.*

*Brian M. Hurley* for the defendants.

*Eugene Patrick McCann* for the plaintiff.

ARMSTRONG, J. The plaintiff sued the maker and guaran-
tor of a fourteen year old promissory note that, by its tenor,
had become due in one year. D'Annolfo Construction, the
maker, could still be sued under the twenty-year statute of
limitations applicable to "[a]ctions upon promissory notes
signed [as this note was] in the presence of an attesting wit-
ness, if brought by the original payee. . . ." G. L. c. 260,
§ 1. A jury, by special verdict on the only question put to it,

---

[1] Frank P. D'Annolfo.

found that the plaintiff did not at any time forgive the note. The questions at issue in this appeal are (1) whether the action against the guarantor, Frank P. D'Annolfo (Frank), whose guarantee was inscribed on the face of the note,[2] is also governed by the twenty-year limitation period or the six-year general contract limitation period set out in G. L. c. 260, § 2; and (2) whether the judge erred in ordering interest to be compounded quarterly.

The judge resolved the first question against Frank by finding that it was the parties' intention that his liability be coextensive with the corporate maker. Presumably the evidentiary basis for the finding was testimony by the plaintiff that his purpose in lending the money ($40,000) was to help out his brother Frank; but Frank was president of D'Annolfo Construction, and the plaintiff acknowledged that he knew the money was to be used in the business. It is thus reasonable to argue, as Frank does, that the plaintiff's purpose in making the loan does not overcome the evidence — being the note itself — that he loaned it to the corporation, and that Frank's role was that of guarantor only. We need not resolve this point, nor, indeed, whether any finding as to the parties' intention is material, the note itself being seemingly unambiguous in this respect. See *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 723-724 (1977). If the finding is without basis or is immaterial, the judge would properly have arrived at the same result as matter of law.

Frank relies on *Charlestown Five Cents Sav. Bank* v. *Wolf*, 309 Mass. 547 (1941), for the proposition that an action against a guarantor to an attested promissory note is subject to the six-year general contract statute of limitations. That decision was based on the collateral nature of the guarantor's obligation under the common law. "[The guarantor's] obligation was based not on the note but upon the contract

---

[2]The guaranty followed the attestation and read: "*GUARANTY* . . . for value received, I, Frank D'Annolfo, hereby guarantee the payment of the within note at maturity, upon default, or at any time thereafter with interest at the rate of seven percent (7%) per annum until paid waiving demand, notice of non-payment and protest. /s/ Frank P. D'Annolfo."

expressed in the guaranty that he would pay the principal sum of the note with interest, if the maker of the note failed to pay at maturity. This was an ordinary contract obligation to which the six-year statute of limitations applied." *Id.* at 551.

At common law, the contract of a guarantor was different from the contract of the maker. A maker was bound unconditionally to pay the note according to its tenor. In contrast, "[t]he undertaking of a guarant[or] of a promissory note [was] conditional, and he [would] be discharged by the neglect of the holder to demand payment of the maker, and to give the guarant[or] notice of non-payment, provided the maker was solvent when the note fell due, and afterwards became insolvent." *Talbot* v. *Gay*, 18 Pick. 534, 536 (1836). To the same effect, see *Dole* v. *Young*, 24 Pick. 250 (1837); *Hall* v. *Crane*, 213 Mass. 326, 327 (1913) (under the Uniform Negotiable Instruments Law, St. 1898, c. 533). "The difference between the contract of a guarantor and the contract usually entered into by a surety, is that in case of a guarantor, the promise of the person secondarily liable is a collateral promise to pay, in case default is made by one who is primarily liable for the thing guaranteed, while a surety contracts directly as a principal to pay the sum of money for which he is secondarily liable." *Welch* v. *Walsh*, 177 Mass. 555, 559 (1901).[3]

---

[3]The collateral nature of the obligation of the guarantor was set out in *Oxford Bank* v. *Haynes*, 8 Pick. 423, 427 (1829): "[A] guarant[or] differs in character from a surety, . . . for he cannot be sued as a promisor, as the surety may . . . [H]e differs from an indorser . . . because he warrants the solvency of the promisor, which the indorser does not, he being answerable on a strict compliance with the law by the holder, whether the promisor is solvent or not . . . . [T]he guarantor is discharged only by the joint effect of negligence on the part of the holder, and an actual loss or prejudice to the guarant[or] in consequence of that negligence."

At common law the surety's obligation was regarded as joint and several with that of the principal (here, the maker), with the result that the surety could be sued in an action of debt; while the guarantor's obligation, being regarded as independent, or collateral, could only be reached in an action of assumpsit. Arant, Law of Suretyship and Guarantee § 14 (1931).

The adoption of the Uniform Commercial Code[4] in 1957 (c. 765 of the Acts of that year) altered the nature of the guarantor's obligation where the guaranty is inscribed on the note.[5] General Laws c. 106, § 1-201(40), "Surety," defined that term to include guarantors, suggesting direct rather than collateral liability to the holder of the note (see note 3, *supra*); and G. L. c. 106, § 3-416 (1) and (5), detailing the undertaking of a guarantor of payment (Frank being a guarantor of payment rather than collection[6]), establish that he "engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party," and that "[w]hen words of guaranty are used presentment, notice of dishonor and protest are not necessary to charge the user." The Code has thus eliminated the factor that distinguished the liability of a surety from the liability of a guarantor of payment. The guarantor's obligation is no longer conditional. In effect, in the words of the Uniform Commercial Code comment to § 3-416, which was before the Legislature when it adopted the Code, "the liability of the guarantor [of payment] becomes indistinguishable from that of a co-maker." Comment to former § 3-416 of the Uniform Commercial Code, 2A U.L.A. 295 (Master ed.

---

[4]The Uniform Commercial Code was extensively revised in 1990, but the 1990 revisions have not been adopted in Massachusetts. Consequently, the references to section numbers in this opinion are to those of the original UCC, as adopted in Massachusetts.

[5]Article 3 of the Code applies to commercial paper. Thus, § 3-416 is inapplicable if the guaranty of a note appears on a separate paper. It must appear on the note or on an "allonge", i.e., "a paper so firmly affixed [to the note] as to become a part thereof." G. L. c. 106, § 3-202(2), and comment 3, 2 U.L.A. 433 and see 55 (Master ed. 1991). See also 5A Anderson, Uniform Commercial Code §§ 3-202:48-50 (3d ed. 1995). "If the liability of the guarantor arises from a contract independent of commercial paper, it is governed not by UCC § 3-416 but by the pre-Code law of suretyship that continues under the Code because not displaced thereby." *Id.* at § 3-416:5.

[6]A guarantor of collection engages that he will pay the instrument according to its tenor "only after the holder has reduced his claim against the maker or acceptor to judgment and execution has been returned unsatisfied, or after the maker or acceptor has become insolvent or it is otherwise apparent that it is useless to proceed against him." G. L. c. 106, § 3-416(2).

1991). See *Etelson* v. *Suburban Trust Co.*, 263 Md. 376, 380 (1971) ("as guarantors of 'payment' of the loan, [the Etelsons'] liability is indistinguishable from that of a co-maker"); *Rassette* v. *Frankel*, 39 Mich. App. 172, 175 (1972) ("[d]efendant . . . was a guarantor. . . . His liability was the same as a co-maker"); 10 Williston on Contracts § 1261, at 834 (3d [Jaeger] ed. 1967). As a guarantor of payment of a note executed and guaranteed after the effective date of the Code, Frank undertook a direct, rather than collateral or conditional, liability to the holder of the note. See 6 Anderson, Uniform Commercial Code § 3-416:17 (3d ed. 1993) ("[T]he guaranty of payment . . . [is] secondary in the sense that [it] support[s] the obligation of another party. [It is] not secondary in the same sense as that term is used in connection with commercial paper generally, as in the case of the ordinary indorser. . . . A guarantor of payment is primarily liable to the holder . . .").

It follows, therefore, that this case is not governed by the *Charlestown Five Cents Sav. Bank* decision, which was predicated on the collateral status of a guaranty under the common law (309 Mass. at 549-551). Frank, as a guarantor of payment, became liable on the note itself, as if he were a comaker, and the action against him, because brought by the original payee, is limited by the twenty-year statute applicable to actions on the note, not by the six-year statute, which would apply to guarantees of collection.

On the second point, relative to the compounding of interest: such compounding cannot be done in the absence of express agreement. The note in this case called for payment of $40,000, "with interest at the rate of seven percent (7%) per annum within one year from this date in the following manner. Interest payments of $700.00 are to be paid each quarter beginning on February 25, 1971 and the principal is to be paid on November 24, 1971." The $700 quarterly interest payments represented simple interest. Nothing suggests compounding. Without express agreement interest is not due on overdue interest. *Shapiro* v. *Bailen*, 293 Mass. 121, 123-124 (1936).

The portion of the judgment related to interest is to be modified by recomputing interest at the contract rate to the date of judgment. *Roberts* v. *Grise*, 387 Mass. 1004, 1004-1005 (1982). As so amended, the judgment is affirmed.

*So ordered.*