MARY E. HURLEY *vs.* ROBERT S. MEROWITZ. No. 99-P-1814. September 16, 2002. *Guaranty. Debt. Negotiable Instruments,* Note. *Mortgage,* Real estate. *Notice,* Foreclosure of mortgage. *Limitations, Statute of.*

As between herself and the defendant-guarantor of a 1985 promissory note secured by a mortgage,[1] the plaintiff, Mary Hurley, had a 1991 agreement that rewrote the terms of the note and amortization schedule and increased the scope of the guaranty.[2] The defendant defaulted on the note, and in October of 1993, the plaintiff foreclosed on the mortgage and purchased the property at the foreclosure sale. There remained a deficiency on the note that possibly exceeded the $28,199.99 allegedly covered by the 1991 guaranty agreement. The defendant failed to honor the agreement. This action by the plaintiff followed. A judge of the Superior Court awarded summary judgment in favor of the defendant, and the plaintiff appealed. We reverse.

The defendant may not, as he claims, escape liability from a deficiency action under G. L. c. 244, § 17B, for lack of notice of foreclosure, because he was not a mortgagor or maker of the mortgage note. His obligation as a guarantor arises from an agreement that remains distinct from the primary obligation undertaken by the original mortgagors or makers of the note. *SKW Real Estate Ltd. Partnership* v. *Gold*, 428 Mass. 520, 523-524 (1998). Along similar lines, the two-year statute of limitation set by G. L. c. 244, § 17A, applies to actions on a mortgage note or deficiency actions and does not bar the plaintiff's action. Here, liability flows from the 1991 independent written guaranty agreement, and the six-year limitation period on contract actions pursuant to G. L. c. 260, § 2, applies. See *D'Annolfo* v. *D'Annolfo Constr. Co.*, 39 Mass. App. Ct. 189, 190-191 (1995). It also follows that the foreclosure action does not discharge the obligation the defendant may have on his guaranty where there is a deficiency.

---

[2]Similarly, the determination with regard to the agricultural exemption was without effect.

[1]In April, 1985, the plaintiff sold a building located at 31 Fremont Street, Needham, to the EFR Realty Trust for $375,000. A promissory note for $350,000 of the purchase price was signed by three trustees, Grace, Walls, and Luscomb, who also signed as personal guarantors. The original mortgage note, dated April 8, 1985, in the principal amount of $350,000 bore interest at 13 1/4 percent payable over twenty-five years, until the year 2010, and by its terms could not be prepaid. Subsequently, the plaintiff consented to the sale of the property to 31 Fremont Street, Inc., of which the defendant was the principal officer and shareholder.

[2]The defendant signed the 1991 agreement as a personal guarantor.

However, the materials that the plaintiff furnished in support of her own motion for summary judgment were less informative than one might wish with respect to the nature and extent of the guaranty and whether the amount it covered was more or less than the deficiency on the note. Indeed, the plaintiff conceded at oral argument that she had already recovered a portion of the deficiency by means of a settlement with the original purchasers, Grace, Wall, and Luscomb. See note 1, *supra*. That amount would necessarily reduce the deficiency. Consequently, there remains a genuine issue as to what, if anything, the plaintiff is entitled to recover on the guaranty.

We also dismiss the plaintiff's contention that she has the option under the default clause of the original 1985 promissory note to accelerate the note by foreclosure and maintain the right to future interest. She cannot have it both ways. Among other things, it would be unjust for her to have possession of the property and continue to receive interest on the defaulted note. See *Plasko v. Orser*, 373 Mass. 40, 43 (1977) ("Interest is compensation for the deprivation of the use of principal"). Accordingly, the plaintiff may not include in the deficiency compensation the present value of future payments on the note.

Because summary judgment for the defendant should not have been entered, the judgment is reversed, and the case is remanded for further proceedings.

*So ordered.*

*Herbert D. Lewis* for the plaintiff.
*Daniel Briansky* for the defendant.