Connolly, Thomas E., J.
In this case the plaintiff, Shamrock Realty Company, Inc. (“Shamrock”) seeks to enforce a personal guarantee agreement dated April 27, 1993, and signed by the defendant, David O’Brien (“O’Brien”). On July 1, 2004 this court (Connolly, J.) allowed Shamrock’s Motion for Summary Judgment. Now before the court is O’Brien’s October 6, 2004 Motion for Reconsideration of that order. Also still before the court is O’Brien’s Cross Motion for Summary Judgment which was filed on September 24, 2003. For the reasons stated below, this court’s July 1, 2004 order granting Shamrock summary judgment is VACATED and upon reconsideration said motion is DENIED. O’Brien’s Motion for Reconsideration and Cross Motion for Summary Judgment are ALLOWED.

BACKGROUND

Joseph X. O’Brien, Jr., the late owner of Starboard Tack Limited (“Starboard”), died in 1990. At the time of his death, Joseph X. O’Brien was obligated to Newport Federal Savings Bank (“Newport Bank”) on two outstanding notes which were secured, in part, by mortgages on the real property of Starboard. Joseph X. O’Brien died intestate and ownership of Starboard passed to his parents who, in turn, conveyed it to Joseph’s brother, the defendant David O’Brien, and to Joseph’s sister, Damien O’Brien.
At least one of the notes went into default in early 1993 and Newport Bank scheduled foreclosure. On March 31, 1993, Starboard entered into an agreement with John Gullison (“Gullison”) and Shamrock, an entity wholly owned and controlled by Gullison. The agreement indicated that “Gullison and Starboard Tack are interested in making an agreement to their mutual advantage, which would include the avoidance of the cost of [Starboard’s] filing of a bankruptcy petition.” In this agreement, Gullison and/or Shamrock basically agreed to provide money to Starboard to purchase at a foreclosure auction the Starboard properties that secured the Newport Bank notes.
On April 1, 1993, GFT Investment Company (a “lending” company also wholly owned and controlled by John Gullison) purchased from Newport Bank the notes and mortgages. GFT in turn sold the property to Starboard for the sum of $150,000 pursuant to a foreclosure sale. At that time, Starboard executed a promissory note in favor of Shamrock in the principal amount of $240,000.
On April 27, 1993 David O’Brien and his sister Damien O’Brien signed a personal guarantee of the $240,000 note. At the time he signed the guarantee agreement David O’Brien was living in Massachusetts. David O’Brien signed the document in Massachusetts and returned it to Rhode Island via fax and mail. Paragraph 12 of the personal guarantee agreement states:
IN THE EVENT THAT LENDER BRINGS ANY ACTION OR PROCEEDING IN CONNECTION HEREWITH IN ANY COURT OF RECORD OF THE STATE OF RHODE ISLAND, OR ANY UNITED STATES DISTRICT COURT LOCATED IN SAID STATE, GUARANTOR HEREBY IRREVOCABLY CONSENTS TO AND CONFERS PERSONAL JURISDICTION OF SUCH COURT OVER GUARANTOR BY SUCH COURT. (Capitalization in original.)
*26 This is the only section in the personal guarantee agreement that addresses jurisdiction or choice of law.
On or about October 27, 1993, the Shamrock note went into default. In March of 1994, the real estate, personal property, fixtures and liquor license of Starboard were foreclosed on. Plaintiff claimed a deficiency balance.
This case was commenced on September 17, 2002 in Suffolk Superior Court. Damien O’Brien, David O’Brien’s sister, was also a party defendant, but was dismissed as a defendant due to plaintiffs failure to make timely service of process on her. Both parties filed motions for summary judgment. A hearing on these motions was held on December 16, 2003. On July 1, 2004 the court (Connolly, J.) granted summary judgment in favor of Shamrock’s through a handwritten endorsement of Shamrock’s motion.

DISCUSSION

Superior Court Rule 9D governs motions for reconsideration. The deciding judge has the authority and discretion to reconsider the motion. Although a judge should not lightly undo his own work or the work of another judge, the power to reconsider an issue remains in the court until final judgment. Riley v. Presnell, 409 Mass. 239, 242 (1991), citing Peterson v. Hopson, 306 Mass. 597, 601 (1940); Barbosa v. Hopper Feeds, Inc., 404 Mass. 610, 622 (1989). In the present case, separate and final judgment has not entered, no damages have been assessed, and this court has the authority to reconsider its earlier motion.
This case, although long on the facts, presents a fairly simple issue. There is no issue as to whether Massachusetts and/or Rhode Island have jurisdiction over this lawsuit. In both states there is jurisdiction for this lawsuit to be brought. The only issue here is choice of law, i.e., which state’s statute of limitations should apply to this case. There is no dispute that the plaintiff waited at least 8 years from the date on which the cause of action accrued to bring this suit. Massachusetts has a six-year statute of limitation for actions brought on contract. G.L.c. 260, §2.[1] Rhode Island has a ten-year statute of limitations on contract actions not under seal. R.I. Gen. Laws §9-l-13(a). Thus if the Massachusetts statute of limitations applies to this case, the action is barred by that statute.
When the court first considered this case and granted Shamrock’s motion for summary judgment it relied on representations of plaintiffs counsel and reached a conclusion which given further review of the facts and law was clearly erroneous. First, in its original decision, the court assumed that the guarantee agreement contained a choice of law provision that provided for Rhode Island law. This is not the case. The guarantee agreement contains only a paragraph in which the guarantor consents to personal jurisdiction in Rhode Island. The agreement does not specify which state’s law the guarantee agreement is to be governed by. Although the underlying note does provide that the note is to be governed by the laws of Rhode Island, the guarantee agreement is a separate and distinct contract. See Hurley v. Merowitz, 55 Mass.App.Ct. 920, 920 (2002). The note and the guarantee do not involve the same parties and the terms that the note imposes upon Starboard cannot be imputed against O’Brien.
Secondly, contrary to the plaintiffs argument, there is no evidence that the guarantee agreement was executed in Rhode Island. In fact, all the evidence in the summary judgment record indicates that O’Brien, while residing in Massachusetts, signed the guarantee in Massachusetts and returned it to Shamrock via fax and post. In addition to O’Brien’s affidavit, a memo initialed by Shamrock’s president, John Gullison, supports this conclusion when it states, “In terms of David’s signature for purposes of the guarantee, I would suggest that tomorrow Damien obtain a fax signature from David and provide the original by Monday by Federal Express.” This memo supports the inference that David O’Brien was living outside of Rhode Island at the time.
Given that the guarantee agreement contains no choice of law provisions and was executed in Massachusetts, there is no reason to apply the Rhode Island statute of limitations. The choice of law provisions in the separate and distinct note are not controlling in this case.
Even if the note’s choice of law was controlling, or the guarantee had contained a valid choice of law provision in favor of Rhode Island, under New England Tel. & Tel Co. v. Gourdeau Constr. Co., 419 Mass. 658 (1995), this court would still apply the Massachusetts statute of limitations. Massachusetts had historically considered the statute of limitations as a procedural matter and applied its own law as the law of the forum despite a contrary choice of law provision. However, the Supreme Judicial Court in Gourdeau adopted a “functional” approach and stated “Our focus should be on which State has the most significant relationship to the occurrence and to the parties with respect to the issue of limitations.” Gourdeau, 419 Mass, at 661. The court in Gourdeau made it clear that in the future, this conflict of law issue would be informed by the provisions of §142 of the Restatement (Second) of Conflict of Laws as amended in 1988. That Restatement provision provides that:
In general, unless the exceptional circumstances of the case makes such a result unreasonable:
(1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a) maintenance of the claim would serve no substantial interest of the forum; and
(b) the claim would be barred under the statute of limitations of a state having a more signif *27 icant relationship to the parties and the occurrence.
Section 142 provides that the forum will apply its own statute of limitations barring the claim “unless the exceptional circumstances of the case makes such a result unreasonable.” The comments to §142, particularly comment F, make it clear that this principle is to be applied unless dismissal of the claim would be “unjust” or unless suit in an alternative forum would be “extremely inconvenient.”
This court concludes that although Rhode Island may have a significant relationship to the underlying real estate transaction, which is at the root of the deficiency claim against Starboard, the circumstances presented here are not so exceptional such that the forum’s own statute of limitations should not apply. This is not a deficiency claim on the note against Starboard, but is a separate and distinct claim against a personal guarantor residing in Massachusetts.
Shamrock makes no argument that there is no jurisdiction for this suit in Rhode Island or that litigation between the parties in a Rhode Island court would be extremely inconvenient. The personal guarantee does not contain a choice of law provision and therefore it cannot be said that the intention of the parties was for Rhode Island law to govern this agreement. One party to the personal guarantee has at all relevant times resided in Massachusetts and that party signed the agreement in Massachusetts. Even under the “functional” approach set down in Gourdeau the Rhode Island statue of limitations would not apply to this case.
In Massachusetts actions on contract are subject to a six-year statute of limitations. G.L.c. 260, §2. The guarantee agreement at issue does not contain a choice of law provision. Therefore, this suit, which was brought in Massachusetts, is subject to the Massachusetts statue of limitations. Since the suit was brought more than eight years after the cause of action accrued, it must fail.

ORDER

For the foregoing reasons, this court’s July 1, 2004 decision granting Shamrock summary judgment is VACATED and upon reconsideration said motion is DENIED. David O’Brien’s October 6, 2004 Motion for Reconsideration and his September 24, 2003 Cross Motion for Summary Judgment are ALLOWED.

Neither party advanced the argument that even if this claim was subject to a Massachusetts statute of limitations, it could still survive under the 20-year statute of limitations in G.L.c. 260, §1. That statute provides a 20-year statute of limitations for contracts under seal or for actions upon promissory notes signed in the presence of an attesting witness. Since Shamrock does however make the argument that the guarantee was “signed in Rhode Island in 1993, under seal” (emphasis added) a brief discussion of this issue is warranted.
A careful review of guarantee agreement at issue reveals that G.L.c. 260, §1 and its 20-year statute of limitations is not applicable to the facts of this case. The only evidence that the contract is “under seal” is the Plaintiffs own assertion that the guarantee was “signed in Rhode Island in 1993, under seal.” However, there is no evidence to support this assertion. Although G.L.c 4, §9A liberally allows for a recital indicating that a contract is executed under seal to have the same effect as traditional seal, or the scroll or other such formal device used to seal instruments at common law, nowhere in the guarantee agreement itself does such a recital appear.
Finally, although this case is an action to enforce a personal guarantee of a promissory note, it is not an action “upon” a promissory note. As Shamrock points out in its opposition to O’Brien’s motion for summary judgment “the Guarantee agreement is a separate and distinct document from the note.” As such this is not an action “upon” a promissory note and does not receive the benefit of the 20-year statute of limitations in G.L.c. 260, §1. See Hurley v. Merowitz, 55 Mass.App.Ct. 920, 920 (2002).