THE CADLE COMPANY *vs.* GREGORY C. WEBB.

No. 04-P-1749.

Plymouth. October 18, 2005. - May 11, 2006.

Present: ARMSTRONG, C.J., BERRY, & TRAINOR, JJ.

*Guaranty. Limitations, Statute of.*

This court concluded that two personal guaranties, not executed under seal, on promissory notes to a bank (which guaranties ran to a bank) were, as a matter of law, contracts subject to the six-year period of limitations set forth in G. L. c. 260, § 2; therefore, in a civil action to enforce the guaranties, the judge properly granted summary judgment in favor of the defendant, where the plaintiff failed to file its complaint within six years of the guaranties coming due. [272-275]

CIVIL ACTION commenced in the Superior Court Department on November 4, 2002.

The case was heard by *Paul E. Troy*, J., on motions for summary judgment.

*Taruna Garg* for the plaintiff.

*Kevin P. McMahon* for the defendant.

BERRY, J. The issue presented is whether personal guaranties not executed under seal to guarantee promissory notes to a bank are contracts subject to the general six-year period of limitations set forth in G. L. c. 260, § 2,[1] or whether such personal

[1]General Laws c. 260, § 2, as amended by St. 1948, c. 274, § 1, provides for a six-year period of limitations as follows:

"Actions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."

guaranties are to be considered "other evidences of indebtedness issued by a bank," and thereby rendered subject to the special twenty-year period of limitations set forth in G. L. c. 260, § 1.[2]

We hold that consistent with well settled principles, personal guaranties on promissory notes — even if said guaranties run to a bank and overlay promissory notes to a bank — are still deemed, as matter of law, contracts and, therefore, are subject to the six-year statute of limitations. Accordingly, in this case, we affirm the entry of summary judgment for the defendant based on the plaintiff's failure to file the complaint on the guaranties within that statute of limitations time frame.

1. *The summary judgment record.* The following undisputed material facts may be distilled from the summary judgment record. On August 21, 1987, Seascape Homes, Inc. (Seascape), a construction company, executed a $630,000 promissory note (note 1) to Granite Co-operative Bank (Granite Bank). On that same day, the defendant, Gregory C. Webb, who was a principal of Seascape, executed a personal guaranty to Granite Bank for note 1. On February 29, 1988, Seascape executed a $750,000 revolving credit and security agreement (note 2) to Granite Bank. On that same day, Webb executed a personal guaranty on

---

[2]General Laws c. 260, § 1, as amended by St. 1970, c. 888, § 28, provides for a twenty-year period of limitations as follows:

> "The following actions shall be commenced only within twenty years next after the cause of action accrues:
>
> "First, Actions upon contracts under seal.
>
> "*Second, Actions upon bills, notes or other evidences of indebtedness issued by a bank.*
>
> "Third, Actions upon promissory notes signed in the presence of an attesting witness, if brought by the original payee or by his executor or administrator.
>
> "Fourth, Actions upon contracts not limited by the following section or by any other law.
>
> "Fifth, Actions under section thirty-two of chapter one hundred and twenty-three to recover for the support of inmates in state institutions."

(Emphasis added.)

note 2. (Note 1 and note 2 shall be referred to collectively as the notes). Both guaranties were executed on separate documents, rather than being inscribed on the notes. Neither guaranty was signed under seal. The notes were secured by mortgages on certain real estate. In May of 1991, Granite Bank foreclosed on the mortgages and purchased the real estate properties. Following the foreclosure sale, there was a deficiency on the amount due under the notes, which the plaintiff, the Cadle Company (Cadle), calculated at the time of trial (with accruing interest, attorney's fees and costs) as being approximately $410,000.

Subsequently, in or about December of 1991, Granite Bank was declared insolvent by the Massachusetts Commissioner of Banks, and was placed into receivership. The Federal Deposit Insurance Corporation (FDIC) was appointed liquidating agent. Cadle, which is a receivables company, acquired from the FDIC all of Webb's debts owed to Granite Bank including, but not limited to, the notes and the two personal guaranties executed by Webb.[3]

On November 4, 2002, eleven years after the 1991 foreclosure sale, Cadle filed a complaint against Webb to collect on the notes and to enforce the guaranties in order to recover the deficiency. Cross motions for summary judgment were filed targeting the limitations period that governed.

In response to the various contentions of Cadle and Webb, the motion judge issued a series of decisions.[4] The only issue presented in this appeal involves that part of the summary judg-

---

[3] A third note, which was not subject to a personal guaranty by Webb, was also outstanding, but is not at issue in this appeal.

[4] Without dwelling on the myriad legal issues and arguments advanced in the summary judgment proceedings, it suffices to state that in addition to the limitations theories advanced in this appeal, Cadle also argued in Superior Court that a twenty-year limitations period applied to the notes and guaranties, because certain extensions on the notes were executed under seal, and that these seals on the extensions reached back to capture the original guaranties. The motion judge rejected this theory of an all-encompassing "retroactive" effect for the seal on the separately executed note extensions. Another issue presented below involved the determination that litigation against Webb on the notes was barred by the two-year period of limitations set forth in G. L. c. 244, § 17A, which governs a suit for any deficiency following foreclosure on a mortgage securing a promissory note. Neither of these determinations was appealed. Rather, Cadle argues in its brief only that the guaranties should be considered "other evidence of indebtedness" subject to the longer statute

ment dismissing Cadle's complaint to enforce Webb's guaranties as time barred because the complaint was not filed within the six-year limitations period governing contract actions. We review this question of law de novo. *Protective Life Ins. Co.* v. *Sullivan*, 425 Mass. 615, 618 (1997).

2. *Analysis of the guaranties as contracts.* Common-law precedent, as well as the Uniform Commercial Code, establish that (apart from designated and limited exceptions — none of which apply here[5]) a personal guaranty is subject to the defined contractual terms set forth in the document of guaranty and is, in legal effect, a secondary, collateral promise to pay by the guarantor. The secondary, collateral contractual undertakings of the guarantor only activate when and if the note obligor under the instrument of indebtedness fails to meet that obligor's primary and unconditional promise to pay the monies due and owing under the note. See Black's Law Dictionary 724 (8th ed. 2004) (describing guaranty as "an undertaking that a person will pay . . . [that] is collateral to the duty of the primary obligor").

The legal analysis of the conditional, collateral nature of a guaranty — as standing in contrast to the primary, direct and unconditional obligation to pay the outstanding indebtedness by the maker of the debt (such primary obligation, for example, being memorialized in a promissory note) — is well summarized in *Charlestown Five Cents Sav. Bank* v. *Wolf*, 309 Mass. 547, 549-551 (1941):

> "The word 'guarantee' appearing in the memorandum suggests, not a primary, but a collateral undertaking. The ordinary meaning of the word is that some one else is primarily liable for a debt and that the guarantor will pay

of limitations period.

[5]One such exception, addressed in *D'Annolfo* v. *D'Annolfo Constr. Co.*, 39 Mass. App. Ct. 189, 190-193 (1995), concerns a guaranty inscribed on a promissory note, in effect rendering the signer a comaker on the note, as to which we held that the twenty-year statute of limitations applies. Another exception where the twenty-year statute of limitations applies involves guaranties signed under seal. Neither of these limited and specially designated exceptions applies in this case — Webb's guaranties were neither inscribed on the notes (the guaranties were executed as wholly separate documents) nor signed under seal.

it if the primary debtor does not. . . . [T]he guaranty must be construed as a contract of the [guarantor] to pay the principal obligation at its maturity, if the principal debtor does not then pay it. But this does not mean that the guaranty was a contract to pay the principal obligation at all times from the day the note matured until the twenty-year period of limitation[s], applicable to witnessed notes, expired."

Accord *D'Annolfo* v. *D'Annolfo Constr. Co.,* 39 Mass. App. Ct. 189, 190-191 (1995).

Given that the obligations of the guarantor are not predicated on the note, "but upon the contract expressed in the guaranty," *Charlestown Five Cents Sav. Bank* v. *Wolf, supra* at 551, the potential collateral liability undertaken by a guarantor "flows from the . . . independent written guaranty agreement, and the six-year limitation[s] period on contract actions pursuant to G. L. c. 260, § 2, applies." *Hurley* v. *Merowitz,* 55 Mass. App. Ct. 920, 920 (2002).

Cadle argues that a personal guaranty to a bank is a thing different from a personal guaranty of indebtedness to a nonbank lender. To the contrary, a guaranty of a promissory note to a bank, such as at issue in this case, bears the same contractually based characteristics as a guaranty to secure any note or document of indebtedness to a nonbank lender. Absent terms drafted into a guaranty to a bank that distinguish the bank guaranty from other guaranties, and absent differences recognized at common law or by statute, we see no principled legal distinction that would confer special contractual status to a personal guaranty to a bank on an instrument of indebtedness for monies owed to the bank. Nor are we persuaded that there is a legal basis that would support application of the twenty-year period of limitations set forth in G. L. c. 260, § 1, only with respect to personal guaranties to a bank, while all other personal guaranties of instruments of indebtedness to nonbank financing entities and persons would be subject to the six-year period of limitations set forth in G. L. c. 260, § 2.

Cadle argues that there is a special exception for, and a controlling difference between, guaranties to a bank and other personal guaranties, which exception and difference, it is

submitted by Cadle, should bring the enforcement of a guaranty to a bank within the twenty-year period of limitations established in G. L. c. 260, § 1. To this end, Cadle urges this court to craft a special exception for guaranties to a bank, which exception Cadle seeks to wrap into the language of § 1 that refers to "other evidences of indebtedness issued by a bank."

In our opinion, the concept of such a special exception, based on the concept that a personal guaranty to a bank constitutes other evidences of indebtedness issued by the bank, is fundamentally flawed. Such a construct conflates and merges — contrary to all the Massachusetts legal authority just addressed[6] — the primary, direct and unconditional debt due under the promissory note (or other similar instrument of indebtedness) with the collateral, secondary and contractual nature of a personal guaranty. Put another way, Cadle's argument that a guaranty is other evidences of indebtedness issued by a bank transforms the guaranty into a promissory note. Just because a personal guaranty runs to a bank does not alchemize that guaranty into something it is not, and does not remove such a guaranty from the general six-year statute of limitations for commencing suit on a contract. In this respect, by analogy, we may look to the Supreme Judicial Court's determination in *Century Fire & Marine Ins. Corp.* v. *Bank of New England-Bristol County, N.A.*, 405 Mass. 420, 421-422 (1989), that letters of credit, even though issued by a bank, are not "bills, notes or other evidences of indebtedness" subject to a twenty-year statute of limitations, but rather are contracts between the issuing bank and the letter of credit beneficiary that are subject to the general six-year statute of limitations.

In sum, the two guaranties executed by Webb to Granite Bank were collateral and secondary obligations to cover the indebtedness under the notes to the bank and were creatures of separate contract from the primary, unconditional obligations of Seascape under the notes. Because it was not commenced within

---

[6]Cadle primarily relies on two cases, *Commissioner of Int. Rev.* v. *Tennessee Co.*, 111 F.2d 678 (3d Cir. 1940), and *Detroit Edison Co.* v. *Public Serv. Commn.*, 359 Mich. 137 (1960), to support its position that guaranties should be included in the definition of "other evidences of indebtedness." These cases are not binding on this court. Furthermore, the circumstances in the cited cases differ markedly from the case at hand.

the six-year period of limitations set forth in G. L. c. 260, § 2, Cadle's suit to enforce the guaranties was time barred. Accordingly, summary judgment dismissing the complaint on the guaranties was correct as matter of law.

*Judgment affirmed.*