Sweeney, Constance M., J.
The plaintiffs Motion for Summary Judgment is DENIED. The defendant’s Motion for Summary Judgment is ALLOWED for the reason that the undisputed facts establish that the plaintiff failed to bring this action within the time allowed by law. Although there are multiple disputes in this case there is no dispute that the plaintiffs claim is grounded on a note executed on 9/10/87 by Max Zeller Furs, Inc. and Zellson Corp. in the principal amount of $350,000. The note was payable to the order of the First National Bank of Boston. The note was thereafter assigned sequentially to a series of other entities. The plaintiff claims to be the current assignee although there is a genuine issue of material fact regarding the plaintiffs status as an as-signee. In January 1996, AMRESCO New England, Inc. (the then assignee) notified the makers of the note that they had defaulted by failure to make payment in accordance with the terms of the note. AMRESCO demanded payment of the note, in accordance with the payment default provisions of the note. The default was not cured. The holder of the note foreclosed on the collateral which secured the note. The note remains in default. The plaintiff, claiming to be the current assignee, brought this action against the defendant KMZ, Inc. claiming that KMZ is a successor in interest to Max Zeller Furs, Inc. and as such owes the plaintiff more than $1 million of principal and interest still owed under the note. There is a genuine issue of material fact on the issue of whether KMZ is a successor in interest. Assuming that it is for purposes of this motion, the plaintiffs cause of action is barred by the statute of limitations. The note in question is a negotiable instrument and governed by Article 3 of the Uniform Commercial Code (G.L.C 106, §3-102). Section 3-118(a) provides that the obligation to pay a note at a definite time must be commenced within 6 years after the due date of the note or six years after the accelerated due date. Section 3-118(b) provides that when a note is payable on demand and is not paid on demand, an action to enforce the obligation must be brought within 6 years after demand. The note here had a maturity date of 3/10/2008 but was also payable on demand after the 5th anniversary of the execution of the Note. Demand was made on 1/30/1996 and thus under the UCC this action must have been filed by 1/30/2002. The plaintiff contends that since the note was executed “under seal,” the 20-year limitation period provided in G.L. 260, §1 applies and thus the action is not time-barred. Most of the cases cited by the plaintiff pre-date enactment of the UCC while other cited cases do not address limitation of actions applicable to negotiable instruments. (Compare Colder Company v. Webb, 66 Mass.App.Ct. 269, 274-75, wherein the court held collateral and secondary guaranties are separate contracts and are subject G.L.c. 260 limitation periods.) The note at issue was executed after enactment of the UCC and is thus subject to its provisions. The UCC (G.L.c. 260, §1 et seq.) post dates the enactment of the G.L. 260, §1 as that section applies to contracts under seal. Section 1-102 of the UCC delineates the purpose and policies of the Code, the paramount purpose being “to simplify, clarify and modernize the law governing commercial transactions.” That same section provides “that the effect of provisions of this chapter may be varied by agreement, except as otherwise provided in this chapter...” The Comments to the Code explain that this latter provision allowing for variations is basically applicable only when a specific Code provision specifies that the particular Code provision controls “unless otherwise agreed.” This exception language does not appear in Section 3-118. The only other provision referencing “variation” is 1-102(4). As the reporter states in the Comments to this section, “subsection 4 formally preserves the power of parties to agree to variation, but the power is sharply limited by the exceptions in subsection (3) which are a disclaimer of good faith, due care and reasonableness.” For the foregoing reasons, the defendants’ motion for summary judgment is allowed.